# Theodore T. Hix, Appellee, v. William T. Nolin, Appellant.

### Gen. No. 4,881.

APPEALS AND ERRORS—*when questions raised not subject to review.* If the bill of exceptions contains no motion for a new trial, no exception to the overruling thereof and no exception to the judgment sought to be reviewed, the sufficiency of the proof and the propriety of the rulings upon the trial are not open to review.

Hix v. Nolin.

Action commenced before justice of the peace. Appeal from the Circuit Court of Iroquois County; the Hon. FRANK L. HOOPER, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed March 11, 1908.

CRANGLE & VENNUM, for appellant.

O. F. MORGAN, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Appellee sued appellant before a justice of the peace to recover commissions of 10 per cent alleged to be due him upon a sale of a stallion named "Field Marshal" by Nolin to one Wilt for $600. Appellee recovered before the justice, and again before a jury in the Circuit Court, and had judgment, from which defendant below appeals and sets up as ground for reversal (1) that the proof did not show that the minds of the parties met upon the terms of the alleged contract, (2) that if a contract was made it was rescinded before the sale, and (3) that the court erred in not admitting in evidence an advertisement inserted by appellee after the sale in a newspaper in the village where the parties lived. The bill of exceptions does not contain any motion for a new trial nor any exception to the overruling thereof nor any exception to the judgment. The clerk has improperly inserted in his record points supposed to have been filed upon a motion for a new trial, and has recited that the court overruled it. This, however, does not cure the defect of failing to state these matters in the bill of exceptions. This record therefore does not present for our decision the questions argued by appellant.

Nevertheless, as both parties have earnestly argued these questions, we have examined the testimony. We find there is no substantial difference between the testimony introduced by appellee and that introduced by appellant as to the language used by the parties when the contract is alleged to have been made, and that the ordinary meaning of the words used was that if appellee would sell the horse for appellant for $600, appellant would pay him 10 per cent commission.

Appellant claims that his meaning was that he should have $600 for the horse, and that the commissions should be obtained in addition thereto. That was not the ordinary meaning of the language used by the parties and the jury were justified in finding for plaintiff in the sum of $60, as they did, appellee having hunted up a party who wanted such a horse and brought him to see the horse and introduced him to appellant, who thereupon sold the horse to said party for $600. Appellant testified that after appellee had begun work which resulted in the sale of the horse, he called up appellee by telephone and told appellee that he must have $600 for the horse with no "rake-off" to anybody; and that at a meeting shortly thereafter between the parties appellee told appellant that he was not seeking to sell "Field Marshal" for the sake of the commission, but because the sale of that horse would enhance the reputation of "St. Peter," sire of "Field Marshal," "St. Peter" being owned and kept as a stallion by appellee. Appellant relies upon this testimony as proving a rescission of the contract. The burden of proving a rescission was upon appellant. Appellee denied each of these conversations. The jury were therefore warranted in finding against appellant on that point. The jury might well conclude that it was not probable that appellee would thus waive his commissions when he had already done considerable work in trying to sell the horse and had a purchaser then in sight. Appellant sought to prove that after the sale had been made, appellee, in advertising his horse, "St. Peter," in a local newspaper, mentioned the fact that some of "St. Peter's" colts had been sold at good prices and that "Field Marshal" had been sold by appellant for $600. Appellee would be just as likely to insert such an advertisement after the sale had been made whether he had been connected with the sale or not, and whether he had procured the sale for a commission or merely for the sake of advertising the sire. The offered proof had no tendency to show that appellee had relinquished his contract for commissions. The court therefore properly refused to admit the advertisement in evidence.

The judgment is therefore affirmed.

*Affirmed.*